UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PVH CORP.,

                    Interpleader-Plaintiff,

        -v-

ESTATE OF STEVEN HOULE and
LEAH KEITH-HOULE,

                    Interpleader-Defendants.

No. 16-cv-1401 (RJS)
OPINION & ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/15/17

RICHARD J. SULLIVAN, District Judge:

        Now before the Court is a motion filed by Interpleader-Plaintiff PVH Corp. ("PVH") for

reasonable attorneys' fees and costs that it incurred in connection with this litigation. (Doc. No.

16.)  For the reasons set forth below, PVH's motion is denied.

I. BACKGROUND

        On March 3, 2007, Steven Houle enrolled in an employee retirement plan (the "Plan")

administered by his employer, PVH, and named his then wife, Leah Keith-Houle, as his sole

primary beneficiary.  (Doc. No. 1 ("Compl.") ¶ 10.)  Although Mr. Houle and Ms. Keith-Houle

divorced on September 11, 2013, Mr. Houle never changed his beneficiary election before he died

on October 8, 2014.  (Id. at ¶¶ 11–13; Doc. No. 1-3.)  On January 9, 2015, Mr. Houle's Estate filed

an objection with PVH to any payout of the Plan's $48,756.79 in proceeds (the "Plan Proceeds")

to Ms. Keith-Houle.  (Compl. ¶ 14.)

        On February 23, 2016, PVH, in its capacity as administrator and fiduciary of an employee

retirement plan covered by the Employment Retirement Insurance Security Act of 1974

("ERISA"), initiated this action by filing a Complaint seeking a declaratory judgment as to whether

the Estate or Ms. Keith-Houle was the proper beneficiary of the Plan Proceeds.  (Doc. No. 1.)  On

June 6, 2016, the Court issued an Order finding that Ms. Keith-Houle was the proper beneficiary under the Plan and entered a declaratory judgment to that effect. (Doc. No. 15 at 1 (citing *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285 (2009).) In addition, the Court directed PVH to file its contemplated motion for attorneys' fees and a declaration in support of the motion.

The Court is now in receipt of PVH's unopposed motion for $12,066 in attorneys' fees and $637.87 in costs incurred in connection with bringing this action, to be paid from the Plan proceeds. (Doc. Nos. 16, 17 ("Mem.").) The Court is also in receipt of the declaration of Robert J. Kipnees, which attaches PVH's attorneys' contemporaneous time records. (Doc. No. 18.)

## II. Discussion

A Court has discretion to award reasonable attorneys' fees and costs in an interpleader action to: "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989); *Estate of Heiser v. Bank of Baroda, N.Y. Branch*, No. 11-cv-1602 (LGS), 2013 WL 4780061, at *2 (S.D.N.Y. July 17, 2013). Even so, "'the decision to award fees and costs is left to the sound discretion of the district court,' and 'courts need not award attorneys' fees in interpleader actions where the fees are expenses incurred in the ordinary course of business.'" *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 320–21 (S.D.N.Y. 2014) (quoting *Metro. Life Ins. Co. v. Mitchell*, 966 F. Supp. 2d 97, 104 (E.D.N.Y. 2013)). Accordingly, courts generally decline to award attorneys' fees and costs in interpleader suits in connection with the payment of insurance policies. *Id.* (collecting cases); *see also Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965) ("We are not impressed with the notion that whenever a minor problem arises in the payment of insurance policies, insurers may, as a matter of course, transfer a part of their ordinary cost of doing business of their insureds by bringing an action for interpleader."). This is particularly true where the issues presented are "not

2

complex," the suit does not present "any unique problems," and only a modest amount of funds are at stake. *Feehan v. Feehan*, No. 09-cv-7016 (DAB) (THK), 2011 WL 497852, at *8 (S.D.N.Y. Jan. 10, 2011). In fact, since an interpleader relieves the company "of multiple suits" and discharges the company from liability, courts have concluded that "such actions are brought primarily in the company's own self-interest." *Metro. Life Ins. Co.*, 966 F. Supp. 2d at 104–05 (alterations omitted). As a result, "[s]everal courts" have applied the Second Circuit's rationale in *Travelers* "beyond the classic insurance context to disputes over pension benefits," finding that "[c]onflicting claims to benefits owed to beneficiaries under an employee welfare benefit plan . . . are inevitable." *Croskey v. Ford Motor Co.-UAW*, No. 01-cv-1094 (MBM), 2002 WL 974827, at *10 (S.D.N.Y. May 6, 2002) (declining to award pension fund attorneys' fees in interpleader case requiring resolution of "conflicting claims to benefits," which "is an activity that a pension fund frequently undertakes in its ordinary course of business").

Here, it is true that PVH is a disinterested stakeholder who, faced with competing claims by Keith-Houle and Houle's Estate to the Plan Proceeds, offered to deposit the disputed funds with the Court, and sought a discharge from liability by bringing this action for a declaratory judgment. *See Septembertide Pub., B.V.*, 884 F.2d at 683. Even so, as a plan administrator, PVH must recognize that resolution of conflicting claims to benefits is clearly an activity that it must undertake in its ordinary course of business. Furthermore, aside from the fact that Keith-Houle and Houle's Estate declined to appear in this action (Mem. 4), PVH fails to point to any uniquely complicated issues that were implicated in this litigation or "unique problems" that it faced. Indeed, this case never proceeded to discovery, was resolved without any motion practice, and turned on a straightforward application of United States Supreme Court precedent. (*See* Doc. No. 15); *see also Croskey*, 2002 WL 974827, at *10 (finding, in dispute over survivor benefits, that "[n]either the record in this case, nor [fee applicant's] arguments based upon that record, suggest

3

any extraordinary circumstances that make this dispute any different from the types of disputes typically encountered by pension funds"). The Court is particularly reluctant to grant PVH's fee application given the very large percentage (specifically, over 25%) of the Plan's very modest proceeds that have been requested by PVH as attorneys' fees. *See Hartford Life Ins. Co. v. Pottorff*, No. 5:13-cv-77 (MAD) (DEP), 2014 WL 1393751, at *7 (N.D.N.Y. Apr. 9, 2014) (declining to award fees in a "straightforward interpleader action over a modest fund"). "Considering the equitable nature of interpleader relief and the relatively small amount of funds available . . . to the vying claimants," the Court finds that "it would be unfair and inequitable to deplete" over 25% of the Plan's proceeds by awarding them as attorneys' fees and costs. *See Unum Life Ins. Co. of Am. v. Scott*, No. 3:10-cv-538 (DJS), 2012 WL 233999, at *3 (D. Conn. Jan. 24, 2012) (alterations omitted) (holding similarly).

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that PVH's application for attorneys' fees and costs is DENIED. IT IS FURTHER ORDERED that PVH shall serve copies of this Order on the Interpleader-Defendants via first-class mail and to file a certificate of such service no later than February 17, 2017. The Clerk is also respectfully directed to terminate the motion pending at docket number 16 and to close this case.

SO ORDERED.

Dated:      February 15, 2017
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4